ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2005 SEP 22 AM 10: 18

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| FRED RUNYON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 105-138 |
| ) | |
| ELAINE C. JOHNSON, Clerk of Court, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Phillips State Prison in Buford, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983, and he seeks to proceed *in forma pauperis* ("IFP").[1] After a review of Plaintiff's complaint and prior history of case filings, for the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2) and that this action be **DISMISSED** without prejudice.

I.  **Dishonesty in Complaint**

A prisoner proceeding with a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810,

---

[1]The Court notes that the IFP motion names Michelle Martin, the Warden at Phillips State Prison, as the Defendant/Respondent rather than Elaine C. Johnson. (Doc. no. 2). The Court presumes this to be a scrivener's error and will proceed as though the IFP motion named Elaine C. Johnson, the only Defendant listed in the caption of the complaint, as the Defendant/Respondent.

110 Stat. 1321 (1996). With respect to proceeding IFP, 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[2]

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the court upheld the constitutionality of § 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998).

To that end, the "Form to Be Used by Prisoners Filing a Complaint under the Civil Rights Act, 42 U.S.C. § 1983 in the United States District Court for the Southern District of Georgia" requires that prisoner plaintiffs disclose whether they have brought other federal lawsuits while incarcerated, whether they were allowed to proceed IFP in any such lawsuits, and whether any such suit was dismissed on the ground that it was frivolous, malicious, or failed to state a claim. (Doc. no. 1, Compl. form, pp. 1-3). Under the question concerning whether a prisoner plaintiff has brought any lawsuits in federal court dealing with the same facts in this action, Plaintiff checked "no." (Id. at 1). Under the question which asked whether Plaintiff has brought any lawsuits in federal courts dealing with facts other than

---

[2] The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998)(internal citations omitted).

2

those involved in this action, Plaintiff also checked "no." (Id. at 2). However, under that same question, Plaintiff stated that he had been allowed to proceed IFP, but he denied ever having any suit dismissed on the ground that it was frivolous, malicious, or failed to state a claim. (Id. at 3). Plaintiff's responses were made under penalty of perjury. (Id. at 6).

However, the Court is aware of at least seventeen cases filed by Plaintiff in this and other federal courts that deal in some form or fashion - as does Plaintiff's current case - with Plaintiff's allegations of irregularities in his underlying criminal proceedings and his desire to be released from prison: (1) Runyon v. Doe, 1:2005-cv-01543 (N.D. Ga. June 13, 2005); (2) Runyon v. Little, 1:2005-cv-01544 (N.D. Ga. June 13, 2005); (3) Runyon v. Gregory, 1:2005-cv-01545 (N.D. Ga. June 13, 2005); (4) Runyon v. Barnes, 1:2005-cv-01546 (N.D. Ga. June 13, 2005); (5) Runyon v. Michael, 1:2005-cv-01547 (N.D. Ga. June 13, 2005); (6) Runyon v. Doe, 1:2005-cv-01548 (N.D. Ga. June 13, 2005); (7) Runyon v. Pressley, 1:2005-cv-01840 (N.D. Ga. July 13, 2005); (8) Runyon v. Presley, 1:2005-cv-01841 (N.D. Ga. July 13, 2005); (9) Runyon v. Craig, 1:2005-cv-01842 (N.D. Ga. July 13, 2005); (10) Runyon v. Toole, 1:2005-cv-01843 (N.D. Ga. July 13, 2005); (11) Runyon v. Barnes, 1:2005-cv-01844 (N.D. Ga. July 13, 2005); (12) Runyon v. Public Defendant Office of Richmond County, 1:2005-cv-00120 (S.D. Ga. Aug. 2, 2005); (13) Runyon v. Pressley, 1:2005-cv-00121 (S.D. Ga. Aug. 5, 2005); (14) Runyon v. Strength, 1:2005-cv-00137 (S.D. Ga. Aug. 22, 2005); (15) Runyon v. Pressley, 1:2005-cv-00143 (S.D. Ga. Aug. 26, 2005); (16) Runyon v. Toole, 1:2005-cv-00144 (S.D. Ga. Aug. 26, 2005); and (17) Runyon v. Doe, 1:2005-cv-00145 (S.D. Ga. Aug. 26, 2005). Thus, Plaintiff clearly lied about his prior filing history.

The Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty in a complaint. In Rivera, the court of appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731 (citations omitted).[3]

In sum, Plaintiff has abused the judicial process in this case by providing dishonest information about his prior filing history. Therefore, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion to proceed IFP be **DENIED** and that this action be **DISMISSED** without prejudice as a sanction for Plaintiff's abuse of the judicial process. See Rivera, 144 F.3d at 724 ("To be sure, proceeding IFP in a civil case is a privilege, not a right." Id.).

## II. Accumulation of Three Strikes

Even if Plaintiff had not lied to the Court about his prior filing history, he still would not be entitled to proceed IFP in this case because he has already accumulated three "strikes" under 28 U.S.C. § 1915(g). A review of Plaintiff's filing history in the Northern District reveals that the Honorable Richard W. Story, United States District Judge, screened and dismissed six of Plaintiff's IFP complaints under 28 U.S.C. § 1915A for failing to state a

---

[3]The practice of dismissing a case as a sanction for lying in a complaint has also been previously utilized in the Southern District. See Shaw v. Smith, 6:2003-cv-00066 (S.D. Ga. May 30, 2003).

4

claim upon which relief may be granted. See Runyon v. Pressley, 1:2005-cv-01840; Runyon v. Presley, 1:2005-cv-01841; Runyon v. Craig, 1:2005-cv-01842; Runyon v. Toole, 1:2005-cv-01843; Runyon v. Barnes, 1:2005-cv-01844; and Runyon v. Amideo, 1:2005-cv-01845 (N.D. Ga. July 13, 2005).

Thus, it is clear that based on Judge Story's rulings as noted above, Plaintiff has accumulated at least three "strikes" under § 1915(g). Therefore, he cannot proceed IFP in the present § 1983 case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g). In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Here, Plaintiff complains that his sentence has been improperly calculated because he has not been credited with time spent in the Richmond County Jail, and he states that "[t]he lawyer also messed up on my time." (Doc. no. 1, p. 5). Not only does Plaintiff fail to explain the connection of the only named Defendant in the case to his claims,[4] but he has made no allegation of danger, let alone "imminent danger," at the time he filed his complaint. Accordingly, Plaintiff should not be excused from paying the full filing fee under the "imminent danger" exception of § 1915(g).

III. Conclusion

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2) and that this action be

---

[4]The named Defendant is the Clerk of the Superior Court of Richmond County. Ms. Johnson is mentioned nowhere in Plaintiff's Statement of Claim.

5

**DISMISSED** without prejudice. If Plaintiff wishes to attempt to proceed with any civil rights claims raised in this lawsuit, he should be required to submit a new complaint, along with the full filing fee. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO REPORTED and RECOMMENDED this 22nd day of September, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

# United States District Court
## *Southern District of Georgia*

ATTORNEYS SERVED:

Fred Runyon, pro se, at prison

CASE NO:     CV105-138
DATE SERVED: 9-22-05
SERVED BY:   Tara H. Burton

☐ Copy placed in Minutes
☐ Copy given to Judge
☑ Copy given to Magistrate